STEVEN HASTALIS, Petitioner-Appellant, v. THE HUMAN RIGHTS COMMISSION et al., Respondents-Appellees.

Third District   No. 3—90—0195

Opinion filed November 9, 1990.

William J. Harte and Courtney C. Nottage, both of William J. Harte, Ltd., of Chicago (Erik D. Gruber, of counsel), for petitioner.

Neil F. Hartigan, Attorney General, of Springfield (Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for respondent Human Rights Commission.

James E. Priestley, of Gomien, Root & Rigazio, of Morris, and Ford & Harrison, of Atlanta, Georgia (E. Scott Smith, of counsel), for respondent Britt Airways, Inc.

JUSTICE BARRY delivered the opinion of the court:

Steven Hastalis, who is blind, was not allowed to board a Britt Airways flight in Peoria, Illinois, after he refused to fill out a passenger assistance form at the request of the gate attendant. Hastalis filed a charge of unlawful discrimination with the Illinois Department of Human Rights (Department), and after a fact-finding conference, the Department filed a complaint with the Illinois Human Rights Commission (Commission) alleging that Britt had violated section 5—102(A) of the Illinois Human Rights Act (Ill. Rev. Stat. 1985, ch. 68, par. 5—102(A)) in refusing service to Hastalis. The Commission dismissed the complaint on the ground that the Federal Aviation Act (49 U.S.C. app. §1305 *et seq.* (1988)) has preempted Hastalis' claims, thereby depriving the Commission of jurisdiction. Hastalis has petitioned this court for review of the Commission dismissal order.

Hastalis had purchased a ticket to fly from Peoria to Chicago via Britt Airways. He was accompanied to the Peoria airport by two friends. At the ticket counter he was asked whether someone would meet him in Chicago, and when he answered in the negative, the agent on duty asked him to give the information needed to fill out a passenger assistance form. According to the Britt operations manual, gate personnel were required to complete such a form for "non-ambulatory" passengers. "Non-ambulatory" status was defined in terms of whether an unaccompanied handicapped passenger would be able to proceed to an emergency exit without assistance. If not, then the passenger is nonambulatory.

When Hastalis refused to provide any information, including his name, he was advised that he would not be permitted to board the airplane. He persisted in his refusal, and the plane left without him. He eventually reached Chicago by bus, and the price of his ticket was refunded to him by Britt. Hastalis then proceeded, as previously indicated, to file charges of handicapped discrimination against Britt.

The determinative issue on appeal is whether the Illinois Human Rights Act is preempted by the Federal Aviation Act in this case. We affirm the Commission ruling that preemption by Federal law deprives it of jurisdiction to consider Hastalis' complaint.

■■ Both parties agree that the Federal Aviation Act (Act) preempts Illinois law to the extent it relates to the services of an air carrier. The Act expressly provides:

"[N]o State *** shall enact or enforce any law, rule, regulation standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier having authority under subchapter IV of this chapter to provide air transportation." 49 U.S.C. app. §1305(a)(1) (1988).

Hastalis contends that requiring blind passengers to complete passenger assistance forms is not a "service" within the meaning of section 1305(a)(1), and hence, the express preemption provision does not apply to this case. In developing this argument, Hastalis insists that the "services" referred to in the statute refer to the revenue-producing lines themselves or to the provision of air transportation between two points, but not to ground operations of airlines.

■■ The arguments advanced by Hastalis ignore the obvious meaning of the Federal statute. The primary service offered by any air carrier is air transportation between two points, and Hastalis' claim of discrimination is based upon the denial of access to that service, *i.e.*, refusal to allow him to board an aircraft without a completed passenger assistance form. In other words, the "service" at issue here is not the requirement of a form but the provision of air transportation and, as such, the Federal law expressly preempts any State law relating to air transportation service. The question presented by this case is whether the Illinois Human Rights Act provision that all persons have a right to full and equal enjoyment of the facilities and services of any public place of accommodation (Ill. Rev. Stat. 1985, ch. 68, par. 5—102) prevents Britt from requiring a passenger assistance form for Hastalis.

Federal courts have held that the Federal Aviation Act bars State law claims of handicap discrimination in the provision of air transportation services. In *Hingson v. Pacific Southwest Airlines* (9th Cir.

1984), 743 F.2d 1408, a blind plaintiff challenged the airline's requirement that he sit in the front row of the passenger section of the aircraft. When he refused to sit in the seat designated, he was asked to leave the aircraft and was eventually removed by police officers. He sought recovery under a California statute providing for full and equal access to common carriers, including airplanes, for blind and physically disabled persons. Hingson argued that there was no preemption as long as the California law did not conflict with any Federal law. The Federal Court of Appeals rejected that construction of the Federal Aviation Act and ruled that section 105(a)(1) of the Act preempted the California law in that State laws and regulations "relating to rates, routes or services" are preempted whether they conflict with Federal law or not. The court stated:

> "Regulation of air carrier seating policies for handicapped passengers involves the regulation of services within the meaning of section 1305(a)(1)." 743 F.2d at 1415.

The same conclusion was reached in *Anderson v. USAir, Inc.* (D.C. Cir. 1987), 818 F.2d 49, where it was held that a State law imposing an obligation to give courteous service was preempted by Federal law. In *Anderson* the discrimination claim involved airline seating policies for blind passengers.

Here Hastalis argues at length that Illinois law is not subject to implied preemption, only express, and that the preemption here was not express. (See *Bieneman v. City of Chicago* (7th Cir. 1988), 864 F.2d 463.) However, if a State law relates to "rates, routes or service," it has been held barred by express preemption, rather than implied. *Illinois Corporate Travel, Inc. v. American Airlines, Inc.* (7th Cir. 1989), 889 F.2d 751.

Britt points out that it would be unreasonable to have airline boarding and seating policies regulated by the individual States. An interstate carrier would be required to have different gate policies and different seating arrangements depending on the State in which a particular flight was being boarded.

■ We do not reach the issue of the reasonableness of the Britt policy as applied to Hastalis. However, we note that the safety, not only of Hastalis, but of all the passengers on the airplane is involved here. In case of an emergency, passengers needing assistance must be quickly identified and given help to ensure access to exits for themselves and all others. The policies which Britt enforced here were obviously intended to provide for the safety of all the passengers.

Following the interpretation of the statutes involved here by the Federal courts, we hold that the Commission did not err in dismissing

Hastalis' complaint. The Commission lacks jurisdiction in this case, and we affirm its order.

Affirmed.

HEIPLE, P.J., and GORMAN, J., concur.